686 July 22, 2026 No. 697

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kimberly Marie SCHOENE,
an Oregon resident,
*Plaintiff-Appellant,*

*v.*

Carrie Elaine RASMUSSEN,
individually and as Founder and Board Vice Chair of
Columbia Gorge Children's Advocacy Center;
Robin Blunt Henson, individually and as the
Designated Medical Provider of Columbia Gorge Children's
Advocacy Center; Columbia Gorge Children's Advocacy
Center, dba Safespace Children's Advocacy Center of
The Gorge, an Oregon business; Beatriz Lynch, individually
and as Executive Director of Columbia Gorge Children's
Advocacy Center; Leslie Wolf, individually and as Board
Co-Secretary of Columbia Gorge Children's Advocacy
Center; Gloria Needham, individually and as Secretary and
Board Secretary of Columbia Gorge Children's Advocacy
Center; Lori White, individually and as President of
Columbia Gorge Children's Advocacy Center,
*Defendants-Respondents.*

Hood River County Circuit Court
22CV09782; A185550

Daniel J. Hill, Judge. (Judgment)

John L. Ballard, Judge. (Order)

Argued and submitted June 2, 2026.

Kimberly Marie Schoene argued the cause and filed the briefs *pro se*.

Iván Resendiz Gutierrez argued the cause for respondents. Also on the brief were Heather J. Van Meter and Miller Nash LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Although this civil tort case is procedurally complex, the legal issues are relatively straightforward. Plaintiff is self-represented. She appeals several rulings of the trial court, including its determination that she failed to allege facts sufficient to state claims against the Columbia Gorge Children's Advocacy Center, operating as the SafeSpace Children's Advocacy Center of the Gorge (the Center), and individuals associated with it. Having reviewed the record and the arguments on appeal, we affirm.

### BACKGROUND

Plaintiff is the former girlfriend of the father of a child who was the subject of a child abuse assessment by the Oregon Department of Human Services (ODHS). After plaintiff broke up with the father, he had a child with someone else. Plaintiff is not the child's parent.

In or around 2019, plaintiff and the child's father reported that the child's biological mother was abusing the child. ODHS investigated the allegations and requested an assessment by the Center, which is a nonprofit organization that works with child victims of abuse. A medical doctor who works for the Center completed the assessment and prepared a letter for ODHS. Father subsequently sought sole custody of the child, and the doctor testified at the custody hearing, which occurred in July and August 2020.

According to plaintiff, defendants labeled her an "unsafe individual," which led to an ODHS finding that plaintiff caused "mental injury" to the child, but that finding was overturned on appeal. Plaintiff was also charged with stalking, but those criminal charges were later dismissed.

In March 2022, plaintiff, who was self-represented, filed a complaint in Multnomah County against the Center and individuals associated with it.[1] She alleged, among other things, that after she reported abuse of the child,

---

[1] Plaintiff separately sued ODHS in Washington County, and the trial court dismissed plaintiff's case with prejudice on July 23, 2024. *See* Case No. 22CV16664. Plaintiff's appeal from that dismissal is pending before us. *See* A185033. In that case, we entered an order striking plaintiff's opening brief and imposing a sanction of $1,000 for including two fabricated case citations in the brief.

defendants failed to conduct an adequate investigation, that they failed to conduct adequate and timely assessments, and that they defamed her, including by claiming that she was "over-reporting" injuries to the child. Plaintiff asserted seven claims for relief, including claims for medical malpractice; negligence; negligence *per se*; defamation; intentional infliction of emotional distress (IIED); and intentional misrepresentation.

After the case was transferred to Hood River County, defendants moved to dismiss the claims. On May 2, 2024, the trial court entered an order dismissing the claims in the first amended complaint (FAC) but granting plaintiff leave to amend her claims for defamation, IIED, and intentional misrepresentation. On July 2, 2024, the trial court entered a limited judgment of dismissal of the other claims in the FAC.

Plaintiff filed a second amended complaint (SAC), and, after a hearing on defendants' second motion to dismiss, the trial court entered an order dismissing the remaining claims on August 1, 2024. The trial court also entered orders denying several other motions that plaintiff had filed. On September 9, 2024, the trial court entered a general judgment of dismissal. On March 18, 2025, the trial court denied plaintiff's motion seeking relief from the judgment. This appeal followed.

## ANALYSIS

On appeal, plaintiff raises six assignments of error. We address them in the order of the relevant trial court rulings. For the reasons explained below, we affirm.

*Denial of Leave to Amend.* In her fourth assignment of error, plaintiff argues that the trial court abused its discretion when, on April 10, 2024, it denied her motion for leave to amend the complaint. Leave to amend "shall be freely given when justice so requires." ORCP 23 A. We review a trial court's decision on a motion for leave to amend for abuse of discretion. *Eklof v. Persson*, 369 Or 531, 537, 508 P3d 468 (2022). "[T]he gravamen of the inquiry under ORCP 23 A is prejudice to the opposing party." *Id.* at 533.

Here, plaintiff filed her motion on March 18, 2024, defendants opposed it on March 27, 2024, and the trial court entered an order denying the motion on April 10, 2024. By that time, the case had been pending for almost two years because the initial complaint was filed in another county, and the court denied the motion because the proposed amendments did "not substantively change the plaintiff's claims and causes of action." Defendant's motion to dismiss plaintiff's claims was pending, and a hearing on the motion had been scheduled to occur about two weeks later. Under those circumstances, allowing leave to amend would have prejudiced defendants, especially considering the trial court's determination that the proposed amendments would not have substantively changed the claims. And after ruling on the motion to dismiss, the trial court granted plaintiff leave to amend some of her claims. As a result, we discern no abuse of discretion in the trial court's decision to deny the motion for leave to amend before ruling on the motion to dismiss. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) ("If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, the trial court did not abuse its discretion.").

*Dismissal of the Negligence Claims.* In her fifth assignment of error, plaintiff argues that the trial court erred in dismissing her negligence claim "without discovery or factual development." Both plaintiff's initial complaint and her FAC asserted claims against the Center and others for negligence and negligence *per se*. After a hearing in late April 2024, the trial court entered an order dismissing the negligence claims with prejudice. Pointing out that plaintiff was the former girlfriend of "the father of a child who underwent a child abuse assessment," the trial court explained that the statutes cited by plaintiff did not create a special relationship between plaintiff and defendants and that her allegations did not show that defendants owed her a duty of care.

On appeal, plaintiff argues that the trial court erred in dismissing her negligence claim before she had an opportunity to conduct discovery.[2] Defendants respond

---

[2] It is not clear from plaintiff's opening brief whether she intended to challenge the dismissal of her general negligence claim or the claim for negligence *per se*. We consider both.

that we cannot consider that argument because the trial court entered a limited judgment dismissing the negligence claims on July 2, 2024, and plaintiff failed to timely appeal that limited judgment.

We agree with defendants. When a trial court enters a limited judgment that conclusively resolves fewer than all claims for relief, the limited judgment is immediately appealable upon its entry, and the failure to timely appeal from that limited judgment precludes appellate review of the claims even when the general judgment is later appealed. *See, e.g.*, *Interstate Roofing, Inc. v. Springville Corp.*, 347 Or 144, 163, 218 P3d 113 (2009) ("Because the limited judgment finally resolved all three of the claims that it addressed, and because [the] defendant did not timely appeal the limited judgment, the Court of Appeals should have granted [the] plaintiff's motion to dismiss the appeal as to those claims."); *Phillips v. State Farm Fire and Casualty Co.*, 302 Or App 500, 503, 461 P3d 1008 (2020) ("A limited judgment entered in compliance with ORCP 67 B is an appealable judgment, and the notice of appeal must be filed within 30 days of its entry.").

And even if we were to consider plaintiff's argument, plaintiff failed to allege facts sufficient to state a claim against defendants for negligence or negligence *per se*. *See Stone v. Witt*, 374 Or 524, 537, 581 P3d 919 (2025) ("[A] negligence claim alleging solely economic or emotional harm, or harm resulting solely from a defendant's failure to act, must allege facts sufficient to show the special circumstances that warrant liability, because negligence liability ordinarily does not extend to those categories of harm."); *see also Deckard v. Bunch*, 358 Or 754, 761 n 6, 370 P3d 478 (2016) (explaining that negligence *per se* "is a shorthand descriptor for a negligence claim in which the standard of care is expressed by a statute or rule" (internal quotation marks omitted)).[3] We affirm on plaintiff's fifth assignment of error.

---

[3] Plaintiff cites, for example, ORS 418.747(1), which provides in part that "[t]he district attorney in each county shall be responsible for developing county child abuse multidisciplinary teams ***." ORS 418.747(2) provides, in part, that the teams shall develop "a written protocol for immediate investigation of and notification procedures for child abuse cases *** and for interviewing child abuse victims." ORS 419B.023 addresses the duties of ODHS or a law enforcement agency when conducting child abuse investigations. Plaintiff fails to explain how she—the former girlfriend of a person whose child underwent a child abuse

*Motions for Protective Order and to Compel Production.* In her second and third assignments of error, plaintiff argues that the trial court erred in denying her motions for a protective order and to compel production of documents. We review the denial of both motions for abuse of discretion. *See R. M. v. McNeer*, 341 Or App 425, 428-29, 575 P3d 137, *rev den*, 374 Or 421 (2025) ("We review a trial court's decision to grant or deny a protective order *** for abuse of discretion."); *Doe v. Denny's, Inc.*, 146 Or App 59, 67, 931 P2d 816 (1997), *aff'd*, 327 Or 354, 963 P2d 650 (1998) (reviewing the denial of a motion to compel discovery for abuse of discretion).

Here, on May 2, 2024, the trial court entered an order dismissing plaintiff's claims but granting plaintiff leave to amend the claims for defamation, IIED, and intentional misrepresentation. Plaintiff filed her SAC on May 31, 2024. About 10 days before filing it, plaintiff moved for a protective order and to compel discovery. Defendants filed a response to the motions on June 3, 2024, and they filed a motion to dismiss the claims in the SAC on June 12, 2024.

On June 11, 2024, the trial court issued an order denying plaintiff's motion for a protective order. It stated: "No basis for need. If in the course of discovery a party needs a protective order for further matters to be discovered, the motion can be resubmitted." On August 1, 2024, the trial court entered an order denying plaintiff's motion to compel determining that the requested discovery was not relevant to plaintiff's remaining claims or reasonably likely to produce admissible evidence. The court further explained:

> "The motion to compel is not designed to help plaintiff plead the ultimate facts that will support plaintiff's claims and is nothing more than the perpetuation of continuing meritless attacks by plaintiff creating at the least annoyance and undue burden and expense. Plaintiff already know[s] or has possession of qualitatively the same information as that requested. Thus, Plaintiff has sought and likely obtained the requested production elsewhere. The [third] Production Request is not even subject to the motion to compel and from argument plaintiff gave up on the first and second

assessment—is within the class of persons protected by those statutes or how they could form the basis for a negligence claim against defendants.

requests for production. All in all, plaintiff's requests were without merit, and as plaintiff already had most of them, clearly the ongoing request was an intentional effort calculated to constitute annoyance, oppression, and/or undue burden or expense. Motion is denied."

Having reviewed the arguments on appeal, we discern no abuse of discretion in the trial court's denial of the motions. Plaintiff's motion to compel sought discovery of "multidisciplinary team protocols and assessments" under statutes including ORS 418.747, but she does not explain why that discovery was relevant to her remaining claims for defamation, IIED, and intentional misrepresentation, and she also does not address the trial court's reasons for denying the motion to compel. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (explaining that we do not develop a party's arguments for them). In addition, we discern no abuse of discretion in the denial of a protective order, which was unnecessary pending resolution of other motions, including the motion to compel discovery. We therefore affirm on the second and third assignments of error.

*Dismissal of the SAC.* In her sixth assignment of error, plaintiff argues that the trial court erred when it granted dismissal of the SAC on August 1, 2024, and when it also denied all pending discovery and procedural motions because, by doing so, the trial court deprived her "of a meaningful opportunity to present her case." Under that assignment, plaintiff does not identify specific errors in the trial court's detailed order dated August 1, 2024, which dismissed her remaining claims. Although we recognize the challenges of self-representation in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Id*.

We do emphasize, however, that plaintiff's claims against the doctor who worked for the Center appear to relate to the doctor's testimony during a child custody hearing, and those statements are privileged from liability for defamation. *DeLong v. Yu Enterprises, Inc.*, 334 Or 166, 171,

47 P3d 8 (2002). We also discern no error in the trial court's determination that, despite being given leave to amend, plaintiff's SAC failed to allege facts sufficient to state claims for IIED and intentional misrepresentation against defendants. We therefore affirm on the sixth assignment of error.

*Motion for Relief from the Judgment.* In her first assignment of error, plaintiff argues that the trial court erred in denying her ORCP 71 B motion for relief from the judgment because the trial court mistakenly ruled that it had no jurisdiction to consider the motion. Defendants concede that the trial court erred but argue that we should nevertheless affirm.

We agree with the parties that the trial court erred in ruling that it lacked jurisdiction to consider plaintiff's motion. Although plaintiff had appealed the general judgment, she could still seek relief from it. *See* ORCP 71 B(2) (the motion "may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court"); *see also* ORS 19.270(1)(e) (when a notice of appeal is filed and served, trial courts retain jurisdiction to decide "a motion for relief from judgment under ORCP 71 B").

Nevertheless, we affirm on an alternative basis. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). When that alternative basis was raised but not reached by the trial court, and "[i]f the argument is properly presented again on appeal and raises a question of law," we may resolve it. *Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021), *rev den*, 369 Or 338 (2022).

Below, plaintiff moved for relief from the judgment based on newly discovered evidence, which included a copy of a document called the "Hood River County Multidisciplinary Team Interagency Agreement." Plaintiff contended, among other things, that the document showed that defendants were in violation of ORS 418.780, which states the purpose of children advocacy centers. Plaintiff also contended that defendants failed to comply with ORS 419B.023, because the Interagency Agreement provides that, in sexual abuse

cases, the Center would attempt to schedule a medical examination within 84 hours of abuse, whereas the statute requires a medical assessment within 48 hours.[4]

Putting aside the parties' arguments about whether the motion for relief from the judgment—which plaintiff filed five months after she received the October 7, 2024, copy of the document—was timely, plaintiff does not explain how those allegations could have formed the basis for viable legal claims by plaintiff against defendants. *See E. J. T. v. Jefferson County*, 370 Or 215, 238, 518 P3d 568 (2022) (holding that the plaintiff failed to show that the legislature intended to create a private right of action to address violations of duties that various child-abuse-reporting statutes impose on law enforcement and other personnel); *see also Beall Transport Equipment Co.*, 186 Or App at 700 n 2 (we do not develop a party's arguments for them). Defendants argued below that plaintiff failed to show that the statutes at issue created a private right of action and we agree. We therefore affirm on the first assignment of error.

Affirmed.

---

[4] After oral argument, plaintiff moved for leave to file a supplemental appendix, which we granted. In our determination of the issues on appeal, we have considered the material included in plaintiff's supplemental appendix.